GOLDSBERRY *v.* KAMACHOS.

1. TRIAL—INSTRUCTIONS—RECORD—REFUSAL TO SERVE COLORED PERSONS.

In action by colored man against proprietor of lunch room for damages for alleged refusal to serve him (3 Comp. Laws 1929, § 16809), instruction that, if waitress of her own accord and against order of defendant refused to wait on plaintiff, defendant would not be responsible therefor, *held*, not error as advancing theory in conflict with record, in view of defendant's testimony that he had told her to give service to public, no matter what kind of people came in, and that he didn't know she would not wait on colored people until incident in question occurred.

2. MASTER AND SERVANT—LIABILITY OF MASTER FOR EMPLOYEE'S REFUSAL TO SERVE COLORED PERSONS—ISSUE OF FACT.

Whether proprietor of lunch room was liable for employee's refusal to serve colored people (3 Comp. Laws 1929, § 16809) regardless of whether he had knowledge thereof, and that it was contrary to his instructions, *held*, controlled by issue of fact rather than one of law, and that it was properly submitted to jury.

Error to Oakland; Doty (Frank L.), J. Submitted October 6, 1931. (Docket No. 9, Calendar No. 35,225.) Decided December 8, 1931.

Case by John J. Goldsberry against Charles J. Kamachos and another, trading as the Orchard Lake Lunch, for damages because of discriminatory treatment on account of race and color. Verdict and judgment for defendants. Plaintiff brings error. Affirmed.

*Oliver M. Green* (*Leon H. Hubbard,* of counsel), for plaintiff.

On question for jury as to master's liability for servant's wrongful or negligent act toward third person, see annotation in 27 L. R. A. 202.

North, J. The plaintiff, a man of African descent, together with two companions, who were also colored men, visited the Orchard Lake Lunch, a restaurant operated by the defendant Charles J. Kamachos in the city of Pontiac. Plaintiff, a practicing physician, alleges that defendant, in violation of plaintiff's rights, refused to serve him and his companions. See 3 Comp. Laws 1929, § 16809. He alleges that in consequence thereof he was greatly humiliated, suffered mental anguish, and was made the subject of public comment, whereby he sustained great injury, and because of the alleged grievance he brought this suit for the recovery of his alleged damages.

The defendant was at the restaurant at the time of the incident giving rise to this suit. He testified that at the time he was busy preparing food to be served, that he had several orders to prepare, and, after doing this work, he went to the counter to see that the customers were being properly served. At that time he saw the plaintiff and his two companions; he observed that they had not been served, and thereupon asked the waitress in defendant's employ if the three men wanted anything to eat. Defendant's testimony is that the waitress said:

"I won't wait on them; do you want me to go home; I will go home right now; and then I tried to do the best I can to serve the public, to serve the orders I had on the fire. * * * I didn't have no time."

His testimony further is to the effect that plaintiff and his companions left before defendant had completed his work incident to other orders and was able to serve plaintiff. The defendant testified that he did not discriminate against the members of the colored race, and that the refusal of the waitress to serve plaintiff was not only without defendant's

approval but was contrary to his direction. He, therefore, denied responsibility or liability for the waitress' refusal to serve plaintiff. The issue thus made was submitted to the jury and defendant had verdict and judgment thereon. Plaintiff reviews by writ of error.

There are nine assignments of error. After careful consideration of each of them we find that none of the first seven are prejudicial to plaintiff's case, and we think the profession would not be benefited by a detailed review.

The eighth assignment of error is based upon the following portion of the charge to the jury:

"If you believe the defendant's story to be that the waitress' refusal was one of her own accord and against his orders and against his wishes and that he did not know the plaintiff had been waiting out there and hadn't been served and couldn't have discovered it by reasonable diligence, then the failure of the defendant to serve the plaintiff cannot be charged against him because that would be true if the waitress acted against his orders and without his knowledge and without his consent."

Appellant asserts that this instruction advanced a theory which is in conflict with the record; it being asserted by appellant that there was no testimony that in refusing to serve plaintiff the waitress acted against defendant's orders or without his knowledge or consent, and further, that there is no testimony that Charles J. Kamachos did not have knowledge that plaintiff had been waiting to be served. Kamachos testified:

"I told her (the waitress) to give service to the public. * * * I was telling the help to do what she was supposed to do. * * * She was on the job to serve no matter what kind of people come in

the place. That was a business place. I did not tell Dr. Goldsberry if the girl wouldn't serve him, I wouldn't make her. You (plaintiff's attorney) was the gentleman I heard say he was going to get even with me. * * * I didn't have time to tell you I intended to serve you. * * *

"*Q.* But you knew as a fact she wouldn't * * * wait on colored people?

"*A.* I didn't have no idea about it until I find out that night you was in my place."

In view of the foregoing testimony we think it cannot be said that there was prejudicial error in that portion of the charge covered by the eighth assignment of error.

The point urged in appellant's ninth assignment of error is that as a matter of law defendant was liable for his employee's refusal to serve the plaintiff regardless of whether defendant had knowledge of such refusal and regardless of whether it was contrary to his instructions. Appellant attempts to sustain his position in this particular under the general principle that the master is liable for the torts of his agent within the scope of the agent's authority. We think this phase of the case was controlled by an issue of fact rather than one of law, and was properly submitted to the jury.

The judgment of the circuit court is affirmed, but without costs, no brief having been filed by appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.